IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CAZMIERE DESHAWN GRAVES, | |
| Petitioner, | No. 4:21cv0079-JAJ |
| vs. | |
| UNITED STATES OF AMERICA, | **ORDER** |
| Respondent. | |

This matter comes before the court pursuant to petitioner's March 11, 2021 Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.   [Dkt. No. 1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court conducts the following initial review to determine whether any of the claims in the petition have arguable merit.   Finding that they do not, the court summarily dismisses the petition and denies a certificate of appealability.

## I.   Procedural History

On April 18, 2018, the grand jury for the Southern District of Iowa returned a one count indictment charging that the petitioner was a felon in possession of a firearm on March 11, 2018.   *United States v. Cazmiere Deshawn Graves*, 3:18cr0031 (S.D. Iowa) at Dkt. 2.   The petitioner went to trial and was found guilty on April 2, 2019.   [Dkt. 72] He was sentenced to 105 months' incarceration on August 21, 2019.   [Dkt. 87]   He did not appeal.   Accordingly, the one year period of limitations found in 28 U.S.C. § 2255(f) expired in early September 2020.

## II.   § 2255 Petition

### A. The § 2255 Petition

In his petition, petitioner contends that his attorney rendered ineffective assistance of counsel for failure to file an appeal from his conviction and sentence.   The petitioner

further states that his attorney did not "argue a lot of the things that I told him to argue" and never called witnesses at the petitioner's trial.

## B.   Analysis

The petition in this matter is summarily dismissed for failure to file it within the one year limitations period found in 28 U.S.C. § 2255(f).   The petitioner alleges no facts which would demonstrate an entitlement to equitable tolling.

## III.   Certificate of Appealability

Before a petitioner can appeal to the court of appeals from a final order in a habeas corpus proceeding, the district court judge must issue a certificate of appealability.   28 U.S.C. § 2253(c)(1)(A).   Such certificate may be issued if "the applicant has made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), and indicates "which specific issue or issues satisfy the [substantial] showing."   *Id.* § 2253(c)(3).

To meet the "substantial showing" standard, the petitioner must demonstrate that a reasonable jurist would find the district court ruling on the constitutional claim debatable or wrong.   *Winfield v. Roper*, 460 F.3d 1026, 1040 (8th Cir. 2006) (citing *Tennard v. Dretke,* 542 U.S. 274, 276, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)); *see also Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) ("the petitioner must 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.1, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)) (alteration in original)).   A "substantial showing" must be made for each issue presented.   *See Parkus v. Bowersox*, 157 F.3d 1136, 1140 (8th Cir. 1998).   The certificate of appeal will then contain "an overview of the claims in the habeas petition and a general assessment of their merits."   *Miller-el v. Cockrellu*, 537 U.S. 322, 336 (2003). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.   In fact, the statute forbids it."   *Id.*   Thus, a district court may issue a certificate of appeal even if the court is not certain that "the appeal will

2

succeed . . . [because a certificate of appealability] will issue in some instances where there is no certainty of ultimate relief." *Id.* at 336-37 (citing *Slack v. McDaniel*, 539 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Here, petitioner cannot show that reasonable jurists would disagree or debate whether the issues presented should have had a different outcome, and whether the issues are adequate to deserve encouragement to proceed further. *See Barefoot*, 463 U.S. at 893 n.4. The court denies a certificate of appealability.

### IV.   Conclusion

The court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. Upon the foregoing,

**IT IS ORDERED** that the petitioner's March 12, 2021 Petition for Writ of Habeas Corpus [Dkt. No. 1] is dismissed in its entirety.   The Clerk of Court shall enter judgment in favor of the respondent.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

**DATED** this 5th day of April, 2021.

JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA